STATE ex rel. H. K. LOWER v. H. W. McKINNON.

STATE ex rel. JOSEPH KING v. H. W. McKINNON.[1]

July 17, 1914.

Nos. 18,893, 18,894—(291, 292).

**Sale of intoxicating liquor — local option.**
    A sale of intoxicating liquor by one licensed by the common council of

[1] Reported in 148 N. W. 99.

the village, during the period of his license but after the town in which the village is located has voted "no license," is unlawful where there has been no statutory separation of the village and the town and both participate in the election.

Upon the petitions of H. K. Lower and Joseph King the district court for St. Louis county granted its writs of *habeas corpus* directed to H. W. McKinnon, as sheriff of Carlton county. From orders, Fesler, J., granting the discharge of relators from custody, respondent sheriff appealed. Reversed, and relators remanded.

*H. S. Lord,* County Attorney, for appellant.
*Fryberger, Fulton & Spear,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court of St. Louis county, in a *habeas corpus* proceeding, discharging the relator from custody.

The relator conducts a licensed saloon in the village of Moose Lake in Carlton county. The village of Moose Lake is situated wholly within the town of Moose Lake. At the town election on March 10, 1914, the town of Moose Lake voted "no license." The village of Moose Lake has not been separated from the town of Moose Lake pursuant to the provisions of G. S. 1913, § 1191; R. L. 1905, § 691, or G. S. 1913, § 1238; R. L. 1905, § 708, amended by Laws 1911, p. 195, c. 154.

The relator was arrested on a complaint issued by a justice of the peace of Carlton county, charging him with unlawfully selling intoxicating liquor in the village of Moose Lake, within the town of Moose Lake, on April 1, 1914, at which time he was a licensed saloonkeeper under a license issued prior to the local option election of March 10, 1914. He was bound over to await the action of the grand jury. The writ of *habeas corpus* was issued while he was in St. Louis county in the custody of the respondent, the sheriff of Carlton county.

The question presented is whether the town of Moose Lake having gone dry at the town election on March 10, 1914, a sale of intoxicating liquors by one licensed by the village of Moose Lake is

unlawful. A "no license" result at a local option election is a prohibition from the date of the election. State v. Cooke, 24 Minn. 247.

By G. S. 1913, § 1268; R. L. 1905, § 727, authority is conferred upon the common council of a village to license the sale of intoxicating liquors. By G. S. 1913, § 3128; R. L. 1905, § 1528, towns and incorporated villages are given the right of local option. Until the right of local option is exercised and there is a vote against license all territory is wet.

The only licensing boards are the county boards and the common councils. The effect of G. S. 1913, § 3117, where reference is made to "the municipal authorities of any city, village, town or borough," is not to make the town board a licensing board. This is evident from G. S. 1913, § 3114; R. L. 1905, § 1522, which contains the grant of power which, so far as we need refer to it, is as follows:

"Licenses for the sale of liquor in municipalities may be granted by the councils thereof, and in other places by the county board."

The local option statute, to which reference has been made, is as follows:

"The clerk of any town or incorporated village, on the petition of ten legal voters thereof, filed with him at least twenty days before the annual town meeting, or annual or charter election, shall give notice, at the same time and in the same manner as the notice of such meeting or election, that the question of license will be submitted at such meeting or election. Said question shall be voted on by ballot, and the result thereof certified by the town clerk to the county auditor, and by the municipal clerk filed in his office. Such vote shall remain in force until reversed at a subsequent election or town meeting at which the question of license is again in like manner submitted."

The prosecution of the relator was under that portion of G. S. 1913, § 3142; R. L. 1905, § 1533, which forbids the sale of intoxicating liquor among other places as follows:

"In any town or municipality in which a majority of votes at the last election at which the question of license was voted upon shall not have been in favor of license, or within one-half mile of any such

municipality, except that any intoxicating liquor, manufactured within any such district, may be sold to be consumed outside of such district."

A county board may license in a town unless the town has voted. "no license." The effect of a "no license" vote at a local option election in a town is to prevent a license being granted in the town by the county board.

Where the town and the village located within it are not separated, as they may be upon compliance with the statutes to which we have before referred, and a local option election is called by the town, in which the village participates, and the vote is against license, the common council of the village is without power to grant a license under G. S. 1913, § 1268; R. L. 1905, § 727, and a sale under a license validly issued, and unexpired at the time of the local option election, is unlawful. For the purpose of the local option election the town and the village are one district though the election is called by the town, as in this case, and the result of the election determines the question for the territory of both town and village.

The anomalous result reached comes because the village and the town were not separated. In the practical administration of the law many difficulties may arise unless the legislature amends the statute. These we are not required to anticipate. It seems clear that if a "no license" vote makes a village dry, a "for license" vote would make it wet. Whether in the first case supposed a village may vote for license, or in the latter case may vote against license, or in any way take advantage of the local option statute, we need not inquire. These matters will be met when the occasion presents them.

We hold that a sale of intoxicating liquor, made by a saloon-keeper licensed by a village council, within the period of his license, but after the township in which the village is situated was voted "no license" is unlawful, when such village has not been separated from the town in accordance with the statutes providing therefor.

Order reversed and relator remanded.